UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL MOECKER,

    Plaintiff,

v.                                                                                          Case No: 6:16-cv-2237-Orl-22TBS

AMEGY BANK BUSINESS CREDIT,

    Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration of Plaintiff's Motion to Remand or for Abstention (Doc. 11) and Defendant's brief in opposition (Doc.16); and Plaintiff's Motion to Dismiss Counterclaim and for Sanctions, or for Abstention (Doc. 9) and Defendant's brief in opposition (Doc. 15). The motions have been referred to the undersigned (Doc. 17). For the reasons set forth below, I find that this case was improvidently removed and **respectfully recommend** that the motion for remand or abstention be **GRANTED**. As the Court is without jurisdiction in this matter, I make no recommendation as to the motion to dismiss the counterclaim.

### Background[1]

Butler & Hosch, P.A., a Florida professional association, was one of the largest foreclosure law firms in the country, with 11 offices in various states and approximately 700 employees (Doc. 11, pp.3 and 15; Doc. 11-6). To finance their operations, Butler & Hosch and related entities Default Consulting Group, Inc., and Defaultlink, Inc., entered into a Purchase and Sale Agreement/Security Agreement (the "Factoring Agreement")

---

[1] The pertinent history, which is not in dispute, is taken from the papers filed by the parties.

with Amegy Bank National Association ("Amegy") (Doc. 2-1). Default Consulting Group, Inc. is a Florida corporation (Doc. 11-6). Defaultlink, Inc. is a Texas corporation (Doc. 11 at 16 and Doc.11-7). Amegy Bank Business Credit, a division of ZB, N.A., is successor by merger to Amegy (Doc. 16 at 1). ZB, N.A. is headquartered in Utah, however its factoring division (which is the subject of this case) remains headquartered in Houston, Texas (Doc. 1 at 2).

On May 14, 2015, Michael Moecker (also referred to as "Assignee" or "Plaintiff") accepted assignments for the benefit of creditors executed and delivered by the assignors, including Butler & Hosch, P.A., Default Consulting Group, Inc., and Defaultlink, Inc. (the assignors are referred to collectively as the "Assignors") pursuant to Chapter 727, Florida Statutes (Doc. 11 at 3). Plaintiff is a Florida resident (Doc. 2. ¶ 1).[2]

On May 15, 2015, the Assignee filed sixteen separate petitions commencing assignments for the benefit of creditors on behalf of the Assignors, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (the "Assignment Cases") (Doc. 11 at 3). The Assignment Cases are being jointly administered for procedural purposes under Butler & Hosch, P.A., state court Case No. 2015-CA-004488-O (the "state court action").[3] According to the Assignee, for more than twenty months and thirty hearings, the state court has presided over the Assignment Cases, which involve approximately 1,750 creditors and over $88 million in claims filed (Doc. 11 at 2).

---

[2] Of course, for purposes of diversity jurisdiction, domicile, not residency, is the test. For present purposes, it is assumed that Plaintiff is also a citizen of Florida.

[3] At a hearing held on June 15. 2015, the state court administratively consolidated the Butler and Hosch Assignment with the assignment cases of the other Assignors: BH National Default Group, Inc.; Butler & Hosch, LLC; Butler & Hosch, PLLC; Cal-Western of Washington, Inc.; Cal-Westem Reconveyance, LLC; Capstone REO Services, Inc.; Cypress Innovations,Inc.; Default Consulting Group, Inc.; Default Publications, Inc.; Defaultlink. Inc.; Defaultlink Post & Publication, LLC; iMAIL, LLC; Palm Direct, Inc.; RTS Pacific, Inc.; and Titlelink, Inc. (Doc. 2, n. 1).

On May 21, 2015, Amegy and the Assignee entered into an agreement (the "May 21 Agreement") pursuant to which the Assignee agreed, among other things, to take certain specified actions in exchange for the payment of money from Amegy (Doc. 5, Counterclaim ¶11).

On September 14, 2015, Amegy filed three proofs of claim in the state court action, asserting secured claims in the amount of $19,131,215.20 (Docs. 11-1; 11-2). In addition to the secured claims, Amegy filed an administrative expense claim against Butler & Hosch, P.A. in the state court action, in the amount of $202,238.41 (Doc. 11 at 4). Amegy has sought other affirmative relief from the state court, including to obtain access to electronically stored information held by the Assignee. Id.

Amegy and the Assignee entered into an Agreement dated July 7, 2015 (the "ABC Agreement"), which provides, among other things, that Amegy would pay up to $175,000 to the Assignee to defray certain upfront expenses to be incurred by the Assignors' estates to preserve the value of accounts receivable for the benefit of Amegy (Doc. 2-2).

On December 5, 2016, the Assignee filed a supplemental proceeding complaint in the consolidated state court action (Doc. 2), alleging, in part:

> 4. This proceeding is brought pursuant to Chapter 86, FLA. STAT., and Sections 727.109(4)(S)(b), (10) and (15), FLA. STAT.
>
> 5. This Court has jurisdiction over this proceeding pursuant to Section 727.102, FLA. STAT..

(Doc. 2, ¶¶ 4,5). The complaint seeks declarations that (1) the Factoring Agreement violates state ethics rules, (2) the Factoring Agreement is void and unenforceable as against public policy, (3) Amegy has no lien on the accounts receivable, and (4) the accounts receivable are property of the Assignors' estates (Count I). Plaintiff also pleads

- 3 -

a surcharge claim pursuant to FLA. STAT. § 727.114(1)(a) (Count II), a quantum meruit claim (Count III), and a claim for unjust enrichment (Count IV), all seeking recovery of expenses incurred by the Assignee in preserving the accounts receivable for the benefit of Amegy (Doc. 2).

Amegy was served with this complaint on December 8, 2016, and, on December 28, 2016, filed a notice of removal here (Doc. 1). On January 4, 2017, Amegy filed its answer and affirmative defenses and counterclaim in the federal docket (Doc. 5). Based on allegations pertaining to the Factoring Agreement, pled as "Facts Common to All Counts" (Doc. 5 at 12), Amegy claims that it is entitled to: turnover of the proceeds of collateral liquidated by the Assignee (Count I); damages arising from the Assignee's alleged breach of the May 21 Agreement and the July 7 ABC Agreement (Count II); damages arising from any additional re-deposited checks (Count III); attorneys' fees under the Factoring Agreement (Count IV); damages arising from the Assignee's alleged breach of his statutory duty under Florida Statute § 727.108(1) to abandon all of the collateral (including invoices, books and records and other information related to the accounts receivable) to Amegy (Count V); and damages arising from the alleged breach of the Assignee's fiduciary duty by withholding foreclosure files and information related to the accounts receivable (Count VI).[4]

On January 25, 2017, the Assignee filed an objection in the state court action, to Amegy's proofs of claim (Doc. 11-3).

The Assignee filed the motion to dismiss and motion to remand shortly thereafter, and Amegy filed its responses. Following the referral of the matters to the magistrate

---

[4] The Counterclaim inaccurately lists this count as Count V.

judge (Doc. 17), Amegy filed an amended counterclaim (Doc. 18). The first amended counterclaim is in four counts: breach of the May 21 Agreement and July 7 Agreement (Count I); claim for re-deposited checks (Count II); breach of duty to abandon secured property (Count III) and breach of fiduciary duty (Count IV) (Id.). The counts for turnover of proceeds (Count I in the original counterclaim) and for attorney's fees (the prior Count IV) are not included. While the filing of the amended counterclaim technically moots the motion to dismiss the initial counterclaim, the distinction is not determinative for present purposes and the motions are ripe for resolution.[5]

## Discussion

There are numerous matters at issue in the motions. In the Motion for Remand or Abstention, Plaintiff argues that:

1. Removal was improper because the supplemental proceeding is an ancillary proceeding and not an independent civil action;

2. The Court lacks subject jurisdiction over the supplemental Complaint because:

   a) It is subject to the prior exclusive jurisdiction of the state court (which has jurisdiction of the *in rem* or *quasi in rem* Assignment Cases; and

   b) Complete diversity does not exist;

3. The Court lacks jurisdiction over the counterclaim because it was filed in violation of the Barton[6] doctrine and FLA. STAT. § 727.105; and

4. Even if the Court has jurisdiction, it should abstain from exercising it pursuant to the Colorado River[7] doctrine.

---

[5] Although Plaintiff has requested oral argument (Doc. 10), I do not find it necessary.
[6] Barton v. Barbour, 104 U.S. 126, 127 (1881).
[7] Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976).

- 5 -

Plaintiff's Motion to Dismiss the Counterclaim, for Sanctions, or for Abstention relies on most of the same arguments and adds:

1. The counterclaim is barred because the Assignee is entitled to qualified immunity;

2. Counts I, III, IV, V and VI of the counterclaim fail to state a claim for which relief can be granted; and

3. Sanctions are warranted for willful violation of the Barton doctrine.

Although numerous issues are raised, I find that the jurisdictional issues are paramount and dispositive.

Standards of Law

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Amegy alleges that removal is appropriate under the Court's diversity jurisdiction. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Analysis

As part of its burden to establish jurisdiction, Amegy must show that this matter is

removable under Section 1441(a), which allows for removal of "any civil *action* brought in a State court of which the district courts of the United States have original jurisdiction" (emphasis added). Applying the general principles set forth above, the Court must first identify exactly what Amegy purported to remove and then evaluate whether it is an action that is properly removable.

Although § 1441 speaks to removal of civil "action[s]," Amegy is not purporting to remove the entire consolidated state court action; rather, it contends that the Assignee's complaint filed in the state court action as a supplementary proceeding is an independent civil action under § 1441, and properly removable. Plaintiff disagrees, and argues that his complaint is ancillary and non-removable.

The federal courts have generally construed the phrase "civil action" in the Section 1441 context "to require a suit separate from, and not ancillary to, a suit in state court." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1134 (11th Cir. 2013). Determining whether litigation is properly characterized as an independent civil action "is essentially a matter of federal law." Butler v. Polk, 592 F.2d 1293, 1296 n. 7 (5th Cir.1979).[8] Still, "to totally ignore the structure of state procedural law would reflect an overly-procrustean view." Id. "Under our settled precedent, actions are not ancillary and are instead independent civil actions when they are 'in effect suits involving a new party litigating the existence of a new liability.'" Jackson-Platts, 727 F. 3d at 1134, citing Butler, 592 F. 2d at 1296. I find that Amegy cannot meet this showing.

As detailed in the history above, the Assignee's supplemental complaint is not a suit involving any new party, and does not raise any "new" liability. All of the claims made

---

[8] Fifth Circuit decisions issued before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

by the Assignee arise out of and are materially related to the assets of the Assignment Cases and the Assignee's administration of those estates. Amegy acknowledges this in its Notice of Pendency of Other Actions (Doc. 6, p. 1). The complaint here, by its very nature, is part of and not independent of, the main litigation. Indeed, but for the filing of the consolidated state action, Assignee would not have his claims against Amegy and Amegy would not have its claims against Assignee. A review of Florida law cited in the complaint is instructive.

Plaintiff alleges that the complaint is brought pursuant to "Sections 727.109(4)(8)(b), (10) and (15)" and asserts that the state court has jurisdiction pursuant to Section 727.102, FLA. STAT. (Doc. 2,¶¶ 4, 5). Chapter 727, Florida Statutes, provides:

> 727.102. **Jurisdiction of proceedings and venue**.
>
> **All proceedings** under this chapter shall be subject to the order and supervision of the **circuit court** for the county where the petition is filed in accordance with s. 727.104(2).
>
> * * *
>
> 727.109. **Power of the court**.
>
> The court shall have power to:
>
> (1) Enforce all provisions of this chapter.
>
> * * *
>
> (4) Allow or disallow claims against the estate and determine their priority and establish a deadline, upon motion by the assignee, for the filing of all claims against the assignment estate arising on or after the date on which the assignor's petition for assignment was filed with the court. The deadline may not occur less than 30 days before notice is received by mail of the order establishing the deadline.
>
> * * *
>
> (8) Hear and determine any of the following actions brought by the assignee, which she or he is empowered to maintain:

- 9 -

(a) Enforce the turnover of assets of the estate pursuant to s. 727.106.

(b) Determine the validity, priority, and extent of a lien or other interests in assets of the estate, or to subordinate or avoid an unperfected security interest pursuant to the assignee's rights as a lien creditor under s. 679.3171.

(c) Avoid any conveyance or transfer void or voidable by law.

* * *

(10) Approve reasonable fees and the reimbursement of expenses for the assignee and all professional persons retained by the assignee, upon objection of a party in interest or upon the court's own motion.

* * *

(15) Exercise any other powers that are necessary to enforce or carry out the provisions of this chapter.

727.110. **Actions by assignee and other parties in interest**

(1) **All matters** requiring court authorization under this chapter shall be brought by motion, except for the following matters, which shall be brought by supplemental proceeding, as provided in subsection (2):

(a) An action by the assignee to recover money or other assets of the estate;

(b) An action by the assignee to determine the validity, priority, or extent of a lien or other interest in property or to subordinate or avoid an unperfected security interest under s. 727.109(8)(b); and

(c) An action by the assignee to avoid any conveyance or transfer void or voidable by law under s. 727.109(8)(c).

2) A supplemental proceeding is an action of the type designated in paragraphs (1)(a), (b), and (c) and shall be brought as follows:

(a) The **Florida Rules of Civil Procedure shall apply to supplemental proceedings**, except where inconsistent with the provisions of this chapter.

> (b) The clerk of the court shall docket a supplemental proceeding under **both the same case number assigned to the original petition filed by the assignee pursuant to s. 727.104 and a separate supplemental proceeding number, and shall assign such supplemental proceeding to the same division and judge assigned to the main case.**
>
> (c) All pleadings and other papers filed in a supplemental proceeding shall contain a separate sub caption and the supplemental proceeding number **in addition to the caption and case number applicable to the main case.**
>
> * * *

(Emphasis supplied). "Court" as used in the chapter, "means the circuit court where the petition is filed in accordance with s. 727.104(2)." FLA. STAT. § 727.103(7).

The Supreme Court has said: "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). The Assignee's complaint alleges that it is an action pursuant to Chapter 727 between the Assignee and a creditor who has already appeared and made claims in the state court action, regarding rights to certain accounts receivable generated by the Assignors' estates and compensation for the efforts of the Assignee in administering the estates. The plain language of the statute provides that *all* such proceedings are subject to the supervision of the state circuit court, under the state rules of civil procedure, are to be filed "under both the same case number assigned to the original petition filed by the assignee pursuant to s. 727.104 and a separate supplemental proceeding number," and are to be assigned to the same state court judge as the "main" case. Amegy fails to show how this statutory action is nonetheless an independent claim which could be brought in federal court in the first instance.[9]

---

[9] This does not mean I believe every suit involving assignments for the benefit of creditors must only be brought in the state court where the assignment was instituted. For example, the Assignee might

> As Judge Lenard of the Southern District succinctly noted:
>
>> Beginning with the Supreme Court's decisions in Bank v. Turnbull, 16 Wall. 190, 83 U.S. 190, 21 L.Ed. 296 (1872), and Barrow v. Hunton, 99 U.S. 80, 25 L.Ed. 407 (1878), a line of cases have held that a federal court may not exercise jurisdiction over ancillary proceedings, or a case that is "a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it." Barrow, 99 U.S. at 82. Removal of such cases is not proper.

Office Building, LLC v. CastleRock Sec., Inc., No. 10-61582-CV; 2011 WL 1674963, *3 (S.D. Fla. May 3, 2011). I find the Assignee's complaint is a supplementary proceeding that is not a "civil action" within the meaning of Section 1441 and, as removal was improvident, remand is required. Although this conclusion is dispositive, even if the Assignee's complaint was removable, the district court should decline to exercise jurisdiction under the Colorado River doctrine.

Generally, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water Conservation District v. United States (Colorado River), 424 U.S. 800, 817-18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Nonetheless, federal courts may abstain from a case when (1) a parallel state proceeding exists and (2) "exceptional" circumstances justify abstention. Jackson-Platts, 727 F.3d at 1140. The Eleventh Circuit "has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the

---

pursue a claim elsewhere, in order to obtain personal jurisdiction over a claimed asset or debtor. See FLA. STAT. §727.108(1). Here, however, the parties are already before the state court in the main action, and claims (and objections) are already lodged. This case is ancillary in every sense of the word.

- 12 -

parties' rights." Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1331 (11th Cir. 2004). In weighing these considerations, the court must be mindful that "[n]o one factor is necessarily determinative," Colorado River, 424 U.S. at 818, 96 S.Ct. at 1247.

Applying these factors favors abstention. First, a state proceeding exists and both parties are before the state court and actively litigating.[10] The circuit court assumed jurisdiction over the Assignors' estates over twenty months ago, and this jurisdiction is extensive. Neither side has argued that the federal forum is inconvenient, so this factor is neutral. The potential for piecemeal litigation is self-evident; parallel litigation will disrupt and prevent the orderly administration of the state court Assignment Cases. The claims in both the complaint and amended counterclaim arise under state law, also favoring abstention. Finally, there is no claim made that the state court will not adequately protect the parties' rights. In fact, the statutory scheme is explicitly designed to "provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter." FLA. STAT. § 727.101. In view of the nature of this statutory state scheme and "taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise," Colorado River, 424 U.S. at 818, should jurisdiction in this forum exist, the Court should abstain from exercising it, in favor of the earlier filed, long pending and comprehensive state court proceedings.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion for Remand or Alternatively for Abstention be **GRANTED.**

---

[10] To the extent Amegy asserts the same right to recover funds in state court (through its proofs of claim) and in federal court, via counterclaim, these claims are directed against the same collateral and proceeds of that collateral, all of which is being administered by the state court.

  2. The Court take no action on Plaintiff's Motion to Dismiss the Counterclaim; and

  3. The case be **REMANDED** to the Circuit Court of the Ninth Judicial Circuit; or, alternatively, that the Court **abstain** from exercising jurisdiction over this matter.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 17, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record