UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL MOECKER,**

      **Plaintiff,**

**v.**   Case No:   **6:16-cv-2237-Orl-22TBS**

**AMEGY BANK BUSINESS CREDIT,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff Michael Moecker's motion to remand (Doc. 11) and motion to dismiss (Doc. 9). The Magistrate Judge issued a Report and Recommendation (R & R) recommending that the case be remanded to state court. (Doc. 21). Thereafter, Defendant Amegy Bank Business Credit ("Amegy") filed an Objection (Doc. 22) to the R & R, and Plaintiff responded in opposition (Doc. 23). For the reasons that follow, the Court will adopt and affirm the R & R.

### I.   BACKGROUND

Because the parties do not have objections to the majority of the background section of the R & R, and because the parties do not object to the Magistrate Judge's ultimate recommendation, the Court does not reiterate the complete factual background, except for a procedural summary of how this case ended up in federal court after more than twenty months in state court proceedings. This lawsuit arises out of multiple agreements between multiple parties, including Plaintiff's acceptance of an assignment for the benefit of creditors from a foreclosure law firm and its related entities (the "Assignors"). (Doc. 11 at 2). Plaintiff filed sixteen separate petitions commencing assignments for the benefit of creditors on behalf of the Assignors in the Ninth Judicial Circuit in

and for Orange County, Florida (the "State Court Assignment Cases"). (Doc. 2). Because Amegy purchased certain accounts receivable of the Assignors, Amegy is also a party in the State Court Assignment Cases. (*Id.*) The State Court Assignment Cases involves approximately 1,750 creditors and over $88 million in claims. (Doc. 11 at 2). However, while the Assignors are parties to the State Court Assignment Cases, they are not parties to the present action.

Throughout the State Court Assignment Cases, Plaintiff and Amegy have entered into at least two agreements related to the assignment estates. (Doc. 2-2; Doc. 5 at 14; Doc. 18 ¶ 8). Thereafter, more than twenty months into the State Court Assignment Cases, Plaintiff filed a supplemental proceeding complaint against Amegy based on: the agreement between Amegy and the Assignors; Amegy's claims to the assignment estates; surcharge; quantum meruit; unjust enrichment; entitlement to the accounts receivable; and seeking recovery of expenses incurred. (Doc. 2). On December 28, 2016, Amegy removed this lawsuit to the Middle District of Florida. (Doc. 1). Following Amegy's removal of Plaintiff's supplemental proceeding complaint to this Court, Amegy filed a counterclaim against Plaintiff, which was later amended.[1] (Docs. 5, 18). Plaintiff then filed a motion to remand and a motion to dismiss Amegy's counterclaim. (Docs. 9 and 11). Because the jurisdictional issues raised in Plaintiff's motion to remand are dispositive, the Magistrate Judge did not consider the merits of Plaintiff's motion to dismiss. (Doc. 21 at 6).

The Magistrate Judge issued an R & R recommending that the case be remanded to state court because Plaintiff's complaint is not a separate civil action within the meaning of 28 U.S.C. § 1441. (*Id*. at 12). Rather, Plaintiff's complaint is supplementary to the State Court Assignment Cases. (*Id.*) Additionally, the Magistrate Judge found that abstention is proper under the *Colorado*

---

[1] The Court does not consider the counterclaim because it has determined that it lacks jurisdiction.

*River* Doctrine.[2] (*Id*. at 12–13). Neither party has objected to these determinations. Because the undersigned Judge agrees entirely with the Magistrate Judge's analysis and ultimate recommendation that remand is proper, the R & R is due to be adopted. Below, the Court addresses Amegy's narrow objections to the R & R.

## II.   LEGAL STANDARD & DISCUSSION

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[3] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

Amegy filed an objection directed at two statements used by the Magistrate Judge in the R & R. (Doc. 22). Amegy acknowledges that neither of these statements are necessary to the recommendation that this case should be remanded. (*Id*. at 3–4). However, Amegy objects out of concern that these two statements will constitute a concession or potential waiver. (*Id*. at 1). The

---

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).
[3] Unpublished Eleventh Circuit cases are persuasive, but not binding.

first objected-to statement in the R & R relates to one of the agreements entered into between Amegy and Plaintiff during the pendency of the State Court Assignment Cases:

> Amegy and the Assignee entered into an Agreement dated July 7, 2015 (the "ABC Agreement"), which provides, among other things, that Amegy would pay up to $175,000 to the Assignee to defray certain upfront expenses to be incurred by the Assignors' estates to preserve the value of accounts receivable for the benefit of Amegy.

(Doc. 21 at 3).

Amegy objects to the extent that this statement can be construed to suggest Amegy's intent in paying up to $175,000, or that the purpose of the $175,000 payment, was to "preserve the value of accounts receivable for the benefit of Amegy." (Doc. 22 at 2–3). The language of the ABC Agreement provides for a payment up to $175,000, and both parties seem to agree on this point. (*See* Docs. 2-2, 22 at 2, 23 at 2). The parties disagree as to the intent and purpose of Amegy's payment pursuant to the ABC Agreement. (*See* Docs. 22, 23). Because the intent and purpose of the payment is not necessary to the Magistrate Judge's analysis and ultimate conclusion that remand is proper, and because this Court lacks jurisdiction as a result, it is unnecessary for the Court to determine the intent of Amegy's payment under the agreement. In an abundance of caution, and to ensure that the statement does not have a prejudicial effect on either party, the Court will amend the Magistrate Judge's statement (Doc. 21 at 3) to provide as follows: "Amegy and the Assignee entered into an Agreement dated July 7, 2015 (the "ABC Agreement"), which provides, among other things, that Amegy would pay up to $175,000 to the Assignee."

The Court finds Amegy's second objection to be without merit. Amegy objects to a footnote in the R & R that states "[t]o the extent Amegy asserts the same right to recover funds in state court (through its proofs of claim) and in federal court, via counterclaim, these claims are directed against the same collateral and proceeds of that collateral, all of which is being

administered by the state court." (Doc. 22 at 3; Doc. 21 at 13 n.10). The Magistrate Judge's statement relates to whether the instant action is supplemental to the State Court Assignment Cases for purposes of a jurisdictional determination. Amegy argues that its counterclaim is distinct from its claims against the Assignors and is concerned that this statement conflates the claims in the counterclaim with Amegy's proofs of claim filed in the State Court Assignment Cases. (Doc. 22 at 3–4). The Court fails to see how the Magistrate Judge's statement can be construed as making a determination as to the nature and extent of Amegy's claims in the State Court Assignment Cases or its counterclaim filed in the present action. Because the statement in the R & R cannot reasonably be construed as concluding that Amegy's claims in its counterclaim and its proof of claims filed in the State Court Assignment Cases are identical, the undersigned Judge finds it unnecessary to amend the footnote.

### III.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Amegy Bank Business Credit's Objection to the Magistrate Judge's Report and Recommendation (Doc. 22), filed on March 3, 2017, is **OVERRRULED in part** in accordance with this Order.

2. The Report and Recommendation (Doc. 21), issued February 17, 2017, is **ADOPTED and CONFIRMED** and made a part of this Order in accordance with the modifications provided herein.

3. Plaintiff Michael Moecker's Motion to Remand to State Court (Doc. 11), filed on January 27, 2017, is **GRANTED**.

4. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case Number 2015-CA-0044880-O.

5. The Court takes no action on Plaintiff Michael Moecker's Motion to Dismiss (Doc. 9).

6. The Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 24, 2017.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties